CHARLES BUFORD *v.* JOEL JOHNSON.

The certificate of the Governor, under the great seal of the State, is the best evidence of the official character of one styling himself a judge of one of the courts of the State, by whom a commission to take testimony has been executed. Where such evidence is not produced, nor its absence accounted for, parol evidence that the person acted, to the knowledge of the witness, in the capacity assumed by him, cannot be admitted.

APPEAL from the District Court of the First District, *Buchanan,* J.

MORPHY, J. The defendant has appealed from a judgment against him as endorser of a bill of exchange for $2170, drawn to his order by Smith and Graves, at Grand Lake, Arkansas, on Ward, Moffatt & Co., of New Orleans. Our attention has been drawn to a bill of exceptions, taken to the opinion of the judge permitting the official capacity of the magistrate, who received certain depositions offered on the trial below, to be proved by the testimony of the plaintiff's counsel. The commission was directed to James Hickman, Esq., or any judge or justice of the peace of Lexington, Kentucky. The return is signed by a person calling himself George R. Trotter, judge of the Lexington City Court. The witness deposed that he has known Judge Trotter many years, has seen him write and sign, and has no doubt of the genuineness of his signature ; that before and after the time of executing the commission, he was acting as a judge of the Lexington City Court ; that witness never saw his commission, and does not know what Governor appointed him, nor if he was authorized at all to act as a judge, but he saw him acting as such, in October, 1843. The certificate of the Governor, under the great seal of the State, is the usual, and, in our opinion, the best evidence of the fact sought to be established. It was within the reach of the party, and could easily have been procured. The absence of such better and higher evidence of the authority of this person to act as a judge, not being accounted for, evidence of an inferior character, establishing, at best, but a presumption, though perhaps a strong one, of such authority, should not, we think, have been received. The case must, on that account, be remanded for a new trial.

It is, therefore, ordered, that the judgment of the District Court be reversed, and the case remanded for a new trial, with direction to the judge to proceed therein according to law, and in conformity with the opinion of this court ; the appellee paying the costs of this appeal.

*R. H. Chinn*, for the plaintiff.

*Kane*, for the appellant.